**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 96-50312
_____


CAP-A-BUS INC., et al.,

                              Plaintiffs,

TODAY'S WORLD TRANSPORTATION, INC.,
      d/b/a Invader Coach Sales,

                              Plaintiff-Appellant,
                              Counter-Defendant,

                  VERSUS

      CANADIAN NATIONAL RAILWAY COMPANY
                  and
      AMF TECHNOTRANSPORT, INC.,

                              Defendants-Appellees,


_____

Appeal from the United States District Court
      for the Western District of Texas
            (W-94-Cv-375)
_____

February 14, 1997

Before HIGGINBOTHAM, SMITH, and BARKSDALE, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]


      Today's World Transportation, Inc. ("Today's World"), appeals

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

an adverse judgment on a breach of contract claim.  We affirm.

I.

Today's World entered into an exclusive sales agreement with AMF Technotransport, Inc. ("AMF"), a subsidiary of the Canadian National Railway Company ("Canadian").  Today's World was to solicit orders for remanufactured buses, and AMF would remanufacture the ordered buses.  The agreement states, in relevant part:

> 5.   Pricing and Terms of Purchase.  Manufacturer shall establish the prices at which, and the terms upon which, it will sell the Coaches to the Dealer or the Dealer's customers . . . .
>
>       . . .
>
> 6.   Handling and Acceptance of Orders.  Dealer shall forward to Manufacturer a properly executed copy of each completed order.  All orders shall contain all specifications, conditions, and terms of every nature whatsoever . . . .
>
>       All orders shall be expressly subject to acceptance or rejection by Manufacturer.  Manufacturer shall not unreasonably withhold its acceptance.  Acceptance of an order shall be by written acknowledgement of the order by the Manufacturer and establishment of a delivery time by the Manufacturer.
>
>       In the event that Manufacturer rejects an order submitted by Dealer, the Manufacturer shall give written notice of rejection to the Dealer and shall promptly return the rejected order to Dealer, together with any remittances submitted pursuant to that order.

Over the course of seventeen months, Today's World submitted a number of orders to AMF, none of which was filled.  Today's World, along with three related parties, sued AMF and Canadian for,

2

*inter alia*, breach of contract.  After a bench trial, the district court held that AMF did not breach any contractual provision and entered judgment for the defendants.

## II.

The district court found that the "Defendants effectively rejected each order submitted by Plaintiffs."  We understand this statement as meaning that AMF rejected each order in accordance with the contractual provisions, as a rejection not in accordance with the contract would not have been "effective."  To be effective, a rejection under the contract had to be reasonable. Therefore, the district court necessarily found that each rejection was reasonable and procedurally proper.[1]

We review these factual findings for clear error.  *See Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985).  "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948).  "Where there are two permissible views of the

---

[1] Although we would have preferred more specific factual findings, we see no other sensible way to read the district court's opinion.  In any event, even incomplete or ambiguous findings of fact do not require reversal "if a full understanding of the issues on appeal can nevertheless be determined by the appellate court."  *Texas Extrusion Corp. v. Palmer, Palmer & Coffee* (*In re Texas Extrusion Corp.*), 836 F.2d 217, 221 (5th Cir.), *cert. denied*, 488 U.S. 926 (1988).

3

evidence, the factfinder's choice between them cannot be clearly erroneous." *Anderson*, 470 U.S. at 574.

Today's World argues that it sent fourteen orders to AMF. There is sufficient record evidence to support the following conclusions:

(1) Five of these orders (White Bus Co., Lakefront LinesSSApril, Lakefront LinesSSJuly, National Bus Trader, Gray Line of Orlando) were improper under the contract's procedures.

(2) One (Royal Blue Tours) was withdrawn by Today's World.

(3) Three (Stanford Group, Lakefront LinesSSMay, Latin Express) were canceled by the customer within a month of the order.

(4) One (Emie & Associates) was submitted in violation of the established order procedures *and* was canceled by the customer.

(5) One (Crown Imperial Travel) was submitted after AMF had notified Today's World that it would not accept any additional orders.

(6) One (Action Travel) was for a 102-inch bus.  Within a month, AMF sent a letter to Today's World stating that it was not accepting orders for 102-inch buses.  The unusual size of the bus was a reasonable ground for rejecting this order.

(7) One (Morehead State University) was rejected in writing within two months on the ground that AMF was having troubles securing product liability insurance.  This was a reasonable ground for rejecting the order.

4

(8) One (Trombly Commuter Lines) was rejected in writing within a week. This order was subject to financing and required AMF to accept three coaches in trade. These were reasonable grounds for rejecting the order.

In summary, sufficient evidence existed for the district court to find that five orders were improper, three were canceled, one was withdrawn, one was both improper and canceled, and another was submitted after AMF had notified Today's World that it was not accepting additional orders. Of the three orders that were submitted properly and not withdrawn or canceled, all were rejected in writing, and reasonable grounds existed for doing so. The district court's finding that all of the orders were effectively rejected is not clearly erroneous.

## III.

Today's World also requests that we decree "that the Agreement obligated CN/AMF to timely produce Invaders in response to orders that were not timely rejected in writing, regardless of whether CN/AMF would make a profit doing so . . . ." Apparently, Today's World believes that the district court found that some orders were not effectively rejected but that AMF was excused from performing these orders because it could not do so profitably.

We do not read the district court's opinion in this manner. The court found that each order was effectively rejected, and thus it had no cause for determining whether AMF would have been excused

from performing an order it had not rejected.  In any event, as we affirm the district court's finding that all orders were effectively rejected, this request is moot.[2]

AFFIRMED.

---

[2] The damages question and the issue whether Canadian is liable for the actions of AMF similarly are moot.